DAVIS' HEIRS v. HINCKLEY et al..

(Circuit Court, D. Kentucky. July 11, 1900.)

1. BOUNDARIES—CONSTRUCTION OF PATENT—CONFLICT BETWEEN CALLS FOR COR-
   NER AND FOR COURSE AND DISTANCE.

   The call from the third to the fourth corner of a survey of land, made
   under warrant of the state of Kentucky and afterwards carried into a
   patent issued by the state, was from a stake on the top of Cumberland
   Mountain, "thence south, 60 degrees west, 8,320 poles, to a stake near
   Cumberland Gap." If the course and distance be followed, it would carry
   the fourth corner several miles within the state of Tennessee; whereas,
   if the line be run following the state line along the crest of the Cumber-
   land Mountains in a general southwesterly course, it would strike the cen-
   ter of the Gap at the Tennessee line. *Held*, that the words "near Cumber-
   land Gap" should be construed to mean at or in Cumberland Gap, and
   that, as so construed, such natural object would control the calls for
   course and distance, and fix the corner at the center of the Gap.

2. QUIETING TITLE—POSSESSION OF COMPLAINANT—POSSESSION OF PORTION OF
   TRACT.

   Where a large tract of land in a body included a large quantity of
   wild mountain land, the payment of taxes thereon by the legal owner for
   many years and the occupation of parts of it by tenants constituted pos-
   session of the entire tract, such as would support a suit to quiet title.

In Equity. Suit to quiet title.

EVANS, District Judge. The complainants' bill seeks a decree
quieting their title to a large tract of land, mainly in Harlan county,
Ky., upon the allegations that they have the legal title to the land and
the possession thereof, and that the defendants are, without foundation
therefor, making some claim to the ownership of said land. The de-
fendants H. V. Harris and Frank G. Brown, though properly brought
before the court by statutory service sufficient for the purposes of the
relief sought as to the land, have not appeared nor pleaded; but the
defendants F. E. Hinckley and the Horn Silver Mining Company have
pleaded that they are innocent purchasers for value of said land and
have possession thereof, and they have also contested alike the title
and the possession of the complainants. These defendants, however,
have taken little or no proof in support of their plea or in opposition to
complainants' claim, and practically the case must be decided alone
upon the testimony offered by the complainants.

Without treating the case at all elaborately (as it presents no serious
difficulties), it will suffice to say, first, that there seems to be no doubt
that the patent of September, 1845, issued upon the survey of March
3, 1845, to Ledford, Skidmore, and Smith, is not only prior to that un-
der which the defendants claim, but is valid as to all lands included
within the boundaries of that patent, except such parts thereof as had
been previously patented by the state of Kentucky to other persons;
second, that, as between complainants and defendants at least, the
proof is sufficient to show possession in the former of all the land in dis-
pute. The continued and prompt payment of the taxes upon the land
for a long period of time and its occupation by tenants, considered with
reference to the character of the otherwise unoccupied portions of the
land, is, all things considered, about the only character of possession

of which it is susceptible under the circumstances almost judicially known to exist in that section of the state and in that mountainous region. The chain of the complainants' title from the commonwealth to the year 1870, when Edward M. Davis, the complainant's ancestor, purchased it, seems to be well established, if, fourth, the identity of the land is sufficiently shown by the testimony.

The determination of this question ultimately depends upon the location and upon the manner of locating the fourth corner called for in the patent. The call is from a "stake on top of Cumberland Mountain, south, 60 degrees west, 8,320 poles, to a stake near Cumberland Gap." It is clearly proved that, if this exact course were followed the full distance, it would lead across the state line and onward over a portion of the state of Virginia to Powell's creek, in the state of Tennessee, some 10 miles southwardly from Cumberland Gap, which is the corner of the two last-named states upon the Kentucky line. As neither Harlan county, nor the state of Kentucky, had any power either to survey, or sell, or convey lands outside of the latter state, it is entirely manifest

that the line from the third corner to the fourth corner named in the patent to Ledford, Skidmore, and Smith, as soon as it struck the state line, must conform to it in its progress to Cumberland Gap. This is a conclusion which must follow from the very necessities of the case, particularly as that line would never come north of the state line. Besides, as the fourth corner was fixed as "near Cumberland Gap," course and distance alike must, upon the most familiar principles of Kentucky land law, yield to a designated natural object which is certainly ascertainable. There can be no doubt as to the identity or location of Cumberland Gap as a natural object. It was a most noted place. It cannot be doubted that the proper construction of the words "near Cumberland Gap" require that they should in this connection be read as equivalent to the phrase "at Cumberland Gap"; nor can there be any doubt that this also leads to the further result that the corner at Cumberland Gap should be located on the state line in the center of the Gap. Most probably—we might say, indeed, certainly—the state line monument, located in the Gap, is altogether the most proper and appropriate place to fix the exact location of the corner in the Gap, and the court holds and finds that it is the proper location of the fourth corner. This prime factor being established, the other essential consequences follow as matter of course.

The court is of the opinion, therefore, that the complainants are entitled to a decree in the usual form quieting their title as against all claims of each of the defendants to the entire boundary described in the patent as the same is now ascertained, and as this result will be worked out by locating the fourth corner of the patent at the state line monument in the Cumberland Gap. The complainants are entitled to costs against the defendants Hinckley and the Horn Silver Mining Company, but not against the other defendants, who have not been personally served and who have not appeared in the case.

A decree may be prepared accordingly; but the form of one found in the papers is not thought to be quite up to this requirement, nor to the rules of the court.